IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| REBECCA TOOMER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:15-cv-2704-BN |
| | § | |
| CAROLYN W. COLVIN, | § | |
| Acting Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff Rebecca Toomer seeks judicial review of a final adverse decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). For the reasons explained below, the hearing decision is affirmed.

### **Background**

Plaintiff alleges that she is disabled due to a variety of ailments, including lupus, psoriatic arthritis, Raynaud's disease, fibromyalgia, and Chron's disease. *See* Administrative Record [Dkt. Nos. 13, 14 & 15 ("Tr.")] at 221. After her applications for disability insurance benefits and supplemental security income ("SSI") benefits were denied initially and on reconsideration, Plaintiff requested a hearing before an administrative law judge ("ALJ"). That hearing was held on July 14, 2014. *See id.* at 41-67. At the time of the hearing, Plaintiff was 37 years old. *Id.* at 45. She has a high school equivalency diploma and past work experience as a receptionist, lab technician, waitress, dispatcher, babysitter, secretary, cashier, and warehouse worker. *See id.* at

45-48. Plaintiff has not engaged in substantial gainful activity since February 1, 2008. *See id.* at 22.

The ALJ found that Plaintiff was not disabled and therefore not entitled to disability or SSI benefits. *See id.* at 34. Although the medical evidence established that Plaintiff suffered from systemic lupus erythematosus ("SLE"), chronic pain syndrome, and an affective disorder, the ALJ concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations. *See id.* at 22, 23. The ALJ further determined that Plaintiff had the residual functional capacity to perform her past relevant work as a lab technician or office clerk. *See id.* at 32-33.

Plaintiff appealed that decision to the Appeals Council. The Council affirmed.

Plaintiff then filed this action in federal district court. In a single ground for relief, Plaintiff contends that substantial evidence does not support the ALJ's Step 4 finding that she can perform her past relevant employment as a lab technician or office clerk.

The Court determines that the hearing decision is affirmed in all respects.

## Legal Standards

Judicial review in social security cases is limited to determining whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether Commissioner applied the proper legal standards to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept

as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *accord Copeland*, 771 F.3d at 923. The Commissioner, rather than the courts, must resolve conflicts in the evidence, including weighing conflicting testimony and determining witnesses' credibility, and the Court does not try the issues *de novo*. *See Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995); *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994). This Court may not reweigh the evidence or substitute its judgment for the Commissioner's but must scrutinize the entire record to ascertain whether substantial evidence supports the hearing decision. *See Copeland*, 771 F.3d at 923; *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988). The Court "may affirm only on the grounds that the Commissioner stated for [the] decision." *Copeland*, 771 F.3d at 923.

"In order to qualify for disability insurance benefits or [supplemental security income], a claimant must suffer from a disability." *Id.* (citing 42 U.S.C. § 423(d)(1)(A)). A disabled worker is entitled to monthly social security benefits if certain conditions are met. *See* 42 U.S.C. § 423(a). The Act defines "disability" as the inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or last for a continued period of 12 months. *See id.* § 423(d)(1)(A); *see also Copeland*, 771 F.3d at 923; *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). The Commissioner has promulgated a five-step sequential evaluation process that must be followed in making a disability determination:

3

1.    The hearing officer must ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

2.    The hearing officer must determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities. This determination must be made solely on the basis of the medical evidence.

3.    The hearing officer must decide if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations. The hearing officer must make this determination using only medical evidence.

4.    If the claimant has a "severe impairment" covered by the regulations, the hearing officer must determine whether the claimant can perform his or her past work despite any limitations.

5.    If the claimant does not have the residual functional capacity to perform past work, the hearing officer must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

See 20 C.F.R. § 404.1520(b)-(f); Copeland, 771 F.3d at 923 ("The Commissioner typically uses a sequential five-step process to determine whether a claimant is disabled within the meaning of the Social Security Act. The analysis is: First, the claimant must not be presently working. Second, a claimant must establish that he has an impairment or combination of impairments which significantly limit [her] physical or mental ability to do basic work activities. Third, to secure a finding of disability without consideration of age, education, and work experience, a claimant must establish that his impairment meets or equals an impairment in the appendix to the regulations. Fourth, a claimant must establish that his impairment prevents him from

4

doing past relevant work. Finally, the burden shifts to the Secretary to establish that the claimant can perform the relevant work. If the Secretary meets this burden, the claimant must then prove that he cannot in fact perform the work suggested." (internal quotation marks omitted)); *Audler v. Astrue*, 501 F.3d 446, 447-48 (5th Cir. 2007) ("In evaluating a disability claim, the Commissioner conducts a five-step sequential analysis to determine whether (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity.").

The claimant bears the initial burden of establishing a disability through the first four steps of the analysis; on the fifth, the burden shifts to the Commissioner to show that there is other substantial work in the national economy that the claimant can perform. *See Copeland*, 771 F.3d at 923; *Audler*, 501 F.3d at 448. A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *See Copeland*, 771 F.3d at 923; *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In reviewing the propriety of a decision that a claimant is not disabled, the Court's function is to ascertain whether the record as a whole contains substantial evidence to support the Commissioner's final decision. The Court weighs four elements to determine whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective

5

evidence of pain and disability; and (4) the claimant's age, education, and work history. *See Martinez*, 64 F.3d at 174.

The ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits. *See Ripley*, 67 F.3d at 557. If the ALJ does not satisfy this duty, the resulting decision is not substantially justified. *See id.* However, the Court does not hold the ALJ to procedural perfection and will reverse the ALJ's decision as not supported by substantial evidence where the claimant shows that the ALJ failed to fulfill the duty to adequately develop the record only if that failure prejudiced Plaintiff, *see Jones v. Astrue*, 691 F.3d 730, 733 (5th Cir. 2012) – that is, only if Plaintiff's substantial rights have been affected, *see Audler*, 501 F.3d at 448. "Prejudice can be established by showing that additional evidence would have been produced if the ALJ had fully developed the record, and that the additional evidence might have led to a different decision." *Ripley*, 67 F.3d at 557 n.22. Put another way, Plaintiff "must show that he could and would have adduced evidence that might have altered the result." *Brock v. Chater*, 84 F.3d 726, 728-29 (5th Cir. 1996).

## Analysis

Plaintiff contends that the ALJ's finding at Step 4 that she can perform her past relevant employment as a lab technician or office clerk is not supported by substantial evidence. Specifically, Plaintiff argues that the ALJ's finding that she can perform her past relevant work is inconsistent with the vocational expert's testimony and the ALJ's hypothetical question to the ALJ.

Plaintiff testified and provided information in her application paperwork that she performed past relevant work as a receptionist and lab technician at a veterinary lab from June 2007 until January 2008. *See* Tr. at 45-49, 222, 229, 267-268. Plaintiff explained that she dealt with samples, including blood, urine, feces, and feathers. She ran the samples through a machine and performed testing, including DNA testing and disease testing. *See id.* at 45. Plaintiff stated that she did not draw blood or obtain samples from the animals themselves but, rather, only dealt with samples someone else had collected. *See id.* at 45-46. In addition to handling samples, Plaintiff stated in her application paperwork that she also answered the telephone, performed data entry, did billing, and handled various other clerical tasks at the lab. *See id.* at 268. Plaintiff reported that the job required no heavy lifting. She carried only paperwork and samples, which never weighed more than five pounds, and she mostly sat at this job. *See id.*

A vocational expert ("VE") also testified at the hearing. The VE characterized Plaintiff's past job at the veterinary lab as a "composite receptionist/lab technician" and classified the job as "receptionist," which she explained was a sedentary, semiskilled job. *See id.* at 65; DICTIONARY OF OCCUPATIONAL TITLES § 237.367-038 (receptionist), 1991 WL 672192 (Rev. 4th ed. 1991) (available at www.westlaw.com (database DICOT)) ("DOT").

The ALJ asked the VE to opine whether a hypothetical person with Plaintiff's age, education, and work experience could perform her past relevant work if she had the residual functional capacity ("RFC") to do light work, was not limited in pushing

7

and/or pulling with her upper and lower extremities, could sit, stand, and/or walk for about six hours in an eight-hour day, and, from a mental standpoint, was capable of learning, understanding, remembering, and carrying out detailed but not complex instructions and tasks, could use judgment in making work-related decisions, could respond and relate appropriately to others such as supervisors and co-workers, could maintain attention and concentration for at least two-hour intervals, and could adapt to and deal with changes in work settings and environments.

The VE opined that the hypothetical person would be able to perform Plaintiff's past relevant work as a receptionist, waitress, and dispatcher. *See* Tr. at 65-66.

The ALJ determined that Plaintiff has the RFC to perform light work. According to the ALJ, Plaintiff can lift and/or carry twenty pounds occasionally and ten pounds frequently. She can sit, stand, and/or walk for six hours in an eight-hour work day. She is not limited in pushing or pulling with her upper body and lower extremities. She has no postural, manipulative, visual, communicative, or environmental limitations. From a mental standpoint, Plaintiff is able to learn, understand, remember, and carry out detailed but not complex instructions and tasks, and, in such a work setting and environment, she can use judgment in making work-related decisions, relate and respond appropriately to others such as supervisors and co-workers, maintain attention and concentration for at least hour intervals, and adapt to and deal with changes in work settings and environments. *See id.* at 25.

The ALJ also determined that Plaintiff was able to perform past relevant work as a lab technician and office clerk. *See id.* at 34.

8

Plaintiff argues that the ALJ's finding that she can perform her past relevant work as a lab technician and office clerk is not supported by substantial evidence because the VE opined that Plaintiff could return to her past work as a receptionist but did not identify the jobs of lab technician or office clerk or the DOT codes for those jobs and because the RFC in the hypothetical question posed to the VE differs from the ALJ's RFC finding.

The United States Court of Appeals for the Fifth Circuit has held that an ALJ need not consult vocational testimony at Step 4. *See Harper v. Sullivan*, 887 F.2d 92, 97 (5th Cir. 1989) ("[the ALJ] specifically found that [the claimant] was capable of performing past relevant work ... The lack of expert testimony therefore be[came] irrelevant.") (citation omitted); *Williams v. Califano*, 590 F.2d 1332, 1334 (5th Cir. 1979) ("Vocational testimony is not necessary if the [ALJ] concludes that a claimant [can] return to his former occupation."); *see also Wells-Defleice v. Colvin*, No. 3:13-cv-1279-BH, 2014 WL 1670102, at *10 n.11 (holding that even though the ALJ's Step 4 finding contravened the VE's testimony that Plaintiff could not perform any of her past relevant work, it was not erroneous because the Fifth Circuit has held that an ALJ need not consult vocational testimony at Step 4). Accordingly, the difference between the ALJ's hypothetical question to the VE (which found that Plaintiff could maintain attention and concentration for at least a two-hour interval) and the ALJ's RFC finding (which found that Plaintiff could maintain attention and concentration for a one- hour period) is neither relevant nor erroneous.

9

Likewise, the ALJ's finding that Plaintiff could return to her past relevant employment as a lab technician and office worker is not erroneous because a VE's testimony was not necessary to determine whether Plaintiff could perform her past relevant work and, according to Plaintiff's description of her job at the veterinary lab, it falls within the parameters of the ALJ's RFC limitations.

Moreover, the VE characterized the job as a "composite receptionist/lab technician job" and classified it as a "receptionist" job under DOT 237.367.038, which is a light, semi-skilled job with a specific vocational preparation ("SPV") rating of four. *See* Tr. at 65; DOT § 237.367-038 (receptionist). In his decision, the ALJ used the DOT classifications for lab technician and office clerk. *See* Tr. at 34; DOT § 222.587-026 (lab technician), § 249.3670010 (office clerk). Both of those jobs are also light, semi-skilled jobs with a SPV rating of 3. Thus, both the job identified by the VE and the jobs that the ALJ found Plaintiff could perform are all light, semi-skilled jobs. And Plaintiff does not otherwise argue or direct the Court to evidence that she cannot perform her past relevant employment.

## Conclusion

The hearing decision is affirmed in all respects.

DATED: June 30, 2016

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE